UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CITY OF GRETNA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1173** |
| **INDIAN HARBOR INSURANCE COMPANY, ET AL** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is the Motion to Lift Stay and Consolidate Cases[1] filed by Defendants Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company. Plaintiff, City of Gretna, opposes the motion.[2]  Having considered the motion, the parties' briefing, and the applicable law, the Court finds Defendants' Motion to Lift Stay and Consolidate Cases should be **GRANTED**.

**I.  LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 42(a), the court may consolidate actions pending before it if the actions involve a common question of law or fact.[3] If that threshold requirement is met, then whether to consolidate the actions is within the broad discretion of the court.[4] Factors relevant to this determination include whether the actions are pending in the same court, the common identity of the parties, the existence of common questions of law or fact, the risk of

---

[1] R. Doc. 13.
[2] R. Doc. 14.
[3] Fed. R. Civ. P. 42(a).
[4] *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

confusion or prejudice that may result from consolidation, and the extent to which consolidation would promote judicial efficiency.[5]

Defendants seek to consolidate four lawsuits filed by Plaintiff, all arising out of an insurance claim made against the same contract of insurance for property damage Plaintiff allegedly incurred as a result of Hurricane Ida. All four lawsuits are pending in this Court, and specifically in this Section. The first three lawsuits assert claims for contractual and extra-contractual damages under the same insurance contract; each of the lawsuits names a different set of defendant-insurers, purportedly based on their country of citizenship.[6] The fourth lawsuit asserts additional claims for extra-contractual damages against all defendants named in the first three suits.[7] Defendants contend the risk of prejudice or confusion following consolidation is minimal considering there is one contract of insurance to which all defendants subscribe, one event that allegedly caused the damages at issue, and one adjustment of the claim by all of the defendant insurers. Moreover, considering that there was a single adjustment of the claim by all insurers and that the same property damage is at issue in each of the four actions, Defendants contend trying the cases separately poses a substantial risk that the same property damages may be valued inconsistently, and the same adjustment activities may be evaluated inconsistently.

Plaintiff is opposed to the consolidation of these matters because Plaintiff believes the goal of consolidation is to demand arbitration of all the consolidated matters as a whole, even those in

---

[5] *Danos v. Boh Bros. Constr. Co.*, No. CV 10-1469, 2010 WL 11538659, at *2 (E.D. La. July 21, 2010) (quoting *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. CIV.A. H-01-3624, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007)).
[6] The first lawsuit, i.e., this lawsuit, includes only insurance companies subscribing to the insurance policy who are domiciled within the United States. The second lawsuit named only HDI Global Specialty SE, a citizen of Germany. *See* Civil Action No. 23-1175. And the third lawsuit named only Certain Underwriters at Lloyds, London, Certificate Number AMR-36942-07, a citizen of the United Kingdom of Great Britain and Northern Ireland. *See* Civil Action No. 23-1176.
[7] *See* Civil Action No. 23-5938.

which certain defendants have no right to demand arbitration.[8] Plaintiff, therefore, asks this Court to exercise its discretion in denying consolidation, despite the actions involving common questions of law and fact, to avoid providing certain defendants a vehicle to arbitrate when they enjoy no such right.

As Plaintiff repeatedly points out in its opposition, however, consolidation does not "completely merg[e] the constituent cases into one;" rather, consolidation enables "more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them."[9] Thus, consolidation will not preclude Plaintiff from raising the same arguments it would have otherwise raised regarding whether Plaintiff can be compelled to arbitrate its claims against the domestic insurers. Moreover, if at any point in the future it appears the cases should no longer be consolidated, whether for pretrial proceedings or for trial, the Court can deconsolidate the actions at that time. For now, however, the Court finds consolidation is appropriate.

## II.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Lift Stay and Consolidate Cases (R. Doc. 13) is **GRANTED**. The Court will issue a separate order consolidating the cases and lifting the stay that was previously issued in each action.

New Orleans, Louisiana, this 20th day of May 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. 14 at 5.
[9] *Hall v. Hall*, 584 U.S. 59, 66 (2018).